# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-1289
_____

Irma Jean Routen

*Plaintiff - Appellant*

v.

Dexter Suggs, Individually, and in his Official Capacity as Superintendent of the
Little Rock School District; Little Rock School District

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: February 11, 2019
Filed: June 24, 2019
[Unpublished]

_____

Before SMITH, Chief Judge, BENTON and STRAS, Circuit Judges.

_____

PER CURIAM.

Irma Routen claims that the Little Rock School District and its superintendent, Dexter Suggs, unlawfully discriminated against her. After a bench trial, the district court[1] disagreed, and we now affirm.

## I.

Routen oversaw fine-arts programming at the elementary-school level. After the School District ran into budget difficulties and lost a grant, it cut Routen's pay and shortened her contract.

In response, Routen sued Suggs and the School District under three theories. The first was under the Federal Equal Pay Act, 29 U.S.C. § 206(d)(1), and alleged that a male fine-arts director earned a higher salary and received better benefits than she did for basically the same work. The other two asserted that the School District unlawfully changed the terms and conditions of her employment because of her sex and age. *See* 42 U.S.C. § 2000e-2(a)(1) (sex discrimination); Ark. Code Ann. § 16-123-107(a)(1) (same); 29 U.S.C. § 623(a) (age discrimination); Ark. Code Ann. § 21-3-203(a) (same).

The district court held a bench trial and, after hearing testimony from several witnesses, including Routen herself, ruled for Suggs and the School District. She insists that, for each of her claims, the evidence demanded a judgment in her favor.

## II.

We begin with Routen's claim that the School District violated the Equal Pay Act. To prevail, Routen had to convince the district court that the male fine-arts director's work was "substantially equal" to her own, considering "all the facts and

---

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.

circumstances of [the] case, including . . . [the] level of experience, training, education, ability, effort, and responsibility" associated with each job. *Lawrence v. CNF Transp., Inc.*, 340 F.3d 486, 492 (8th Cir. 2003) (quoting *Hunt v. Neb. Pub. Power Dist.*, 282 F.3d 1021, 1030 (8th Cir. 2002)). We review the court's findings for clear error, requiring only that they be "plausible in light of the record viewed in its entirety." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–75 (1985).

There is adequate support for the finding that Routen and her male colleague performed different work. He testified that he was the "overall director of [the] fine arts" program and supervised both "secondary . . . [and] elementary fine arts," whereas Routen said that she coordinated *only* "elementary fine arts" and worked under the direction of other administrators. *Cf. Krenik v. County of Le Sueur*, 47 F.3d 953, 961 (8th Cir. 1995) (holding that a position's extra "supervisory duties" can distinguish it from a position with lesser "supervisory duties"). The district court also heard testimony that the secondary-level arts curriculum is more demanding than its elementary-level counterpart because it features additional course offerings, advanced-placement courses, and after-school programs. Given the differences in authority and duties associated with each job, it was not clearly erroneous for the court to find that they were not "substantially equal." *Lawrence*, 340 F.3d at 492.

There is also nothing clearly erroneous about the district court's finding that Routen's sex was not a reason for her pay cut or the reduction in the length of her contract. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 343 (2013) (requiring at least one of the employer's motives to be discriminatory for a Title VII claim to succeed); *see also* Ark. Code Ann. § 16-123-107(a)(1). Much of the evidence at trial suggested that the School District took both of these actions because of economic and administrative concerns, not discrimination. One administrator, for example, testified that the fine-arts program was downsized because the subject did not appear on statewide testing and decisionmakers believed "that fine arts [did not] need[] two people." The same administrator also explained that Routen's job was

targeted in the downsizing because the "K-12 director of fine arts . . . could handle both elementary and secondary [education]."

To be sure, the evidence did not all point in just one direction. Routen noted, for example, that the budget cuts adversely affected other women, too. As the district court pointed out, however, some women actually received *favorable* treatment. *See Walker v. St. Anthony's Med. Ctr.*, 881 F.2d 554, 558 (8th Cir. 1989). Routen complains that the court improperly treated this fact as "determinative." *See id.* ("[I]t is entirely conceivable that a woman discharged and eventually replaced by another woman may [still] be able to establish that she was the object of impermissible discrimination . . . ."). But the court just used this evidence as part of "evaluat[ing] the [School District's] motive," *id.*, stating only that it "undercut[] Routen's . . . claim" and "indicate[d] that her sex was not a motivating factor." This language falls well short of assigning "inordinate" or "determinative" weight to this fact, as she claims. *Id.*

Finally, we have no reason to second-guess the district court's assessment of Routen's age-discrimination claims. The court found that age was not a but-for cause of the School District's actions because other considerations, including budget cuts and administrative constraints, prompted them. *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78 (2009) (requiring but-for causation for an age-discrimination claim); Ark. Code Ann. § 21-3-203(a). Although there was evidence supporting her age-discrimination claims, the court was entitled to credit other evidence instead. *See Anderson*, 470 U.S. at 574–75 (affording "great[] deference" to credibility determinations).

III.

Accordingly, we affirm the judgment of the district court.

_____